UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIARA JOHNSON | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. EA-23-1830 |
| LANA WANG, *et al.* | * | |
|     Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiff Tiara Johnson, who is self-represented, initiated the above-captioned action on July 7, 2023, against Defendants Lana Wang and Ron Meyer, seeking damages under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, for alleged discrimination and wrongful termination. ECF No. 1. On December 12, 2024, Ms. Johnson filed an Amended Complaint that pleaded this same cause of action against additional defendants. ECF No. 46. Pending before the Court is Ms. Wang and Mr. Meyer's motion to dismiss (ECF No. 48), which Ms. Johnson opposed (ECF No. 53). Ms. Wang and Mr. Meyer elected not to file a reply and the time for doing so has expired, thus the motion is fully briefed. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the motion is granted.

**I.      BACKGROUND**

Ms. Johnson's initial Complaint identified Ms. Wang and Mr. Meyer as defendants in the caption. ECF No. 1 at 1.[1] In "The Parties to This Complaint" section of the pleading, Ms. Johnson identified Ms. Wang as a defendant, but did not include Mr. Meyer. *Id.* at 2. Ms. Johnson alleged in the "Statement of Claim" section that Ms. Wang had wrongfully terminated her from a caregiver position because of Ms. Johnson's disability in violation of the ADA.

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

*Id.* at 6. Ms. Johnson did not include any allegations against Mr. Meyer. *Id.* Ms. Johnson's Amended Complaint added two organizational defendants, Pleasant Gardens Assisted Living and Pleasant Gardens Corporation, LLC.[2] ECF No. 46 at 1, 3. The Amended Complaint's factual allegations appear to be identical to those asserted in the initial complaint. *Compare* ECF No. 1 at 6 *with* ECF No. 46 at 6.

## II.  DISCUSSION

Ms. Wang and Mr. Meyer move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the ADA. ECF No. 48. Ms. Wang and Mr. Meyer advance several arguments in support of dismissal, but the Court need only consider their argument that the ADA does not permit individual liability to resolve this motion. *Id.* at ¶ 11. Ms. Johnson does not address this argument in her opposition, and instead argues the merits of her ADA claim and state law claims not previously alleged. ECF No. 53.

### A.  Standard of Review

Rule 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). It is fundamental that the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations

---

[2] The Amended Complaint also identifies Lanzhi Wang as a defendant, although this refers to Ms. Wang. ECF Nos. 46 at 1–2 (identifying "Defendant No. 1" as "Lana Wang AKA Lanzhi Wang"); 52 at 2 n.3 (indicating that Lanzhi Wang is Ms. Wang's formal name).

in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The same does not hold true for legal conclusions. *Id.; Twombly*, 550 U.S. at 555. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court has a "duty to construe *pro se* filings liberally." *Justus* v. *Clarke*, 78 F.4th 97, 111 (4th Cir. 2023), *cert. denied sub nom.*, 144 S. Ct. 1096 (2024). This liberal construction "allow[s] for the development of a potentially meritorious case," *Cage* v. *NASA Goddard Space Flight Ctr.*, Civil Action No. PX-18-3355, 2019 WL 3841928, at *3 (D. Md. Aug. 14, 2019), but it does not transform the Court into an advocate, *Thurman* v. *Robinson*, 51 F.3d 268 (Table); 1995 WL 133350, at *3 (4th Cir. 1995). The Court will therefore "read a *pro se* pleading to state a claim if possible from the facts, but it will not rewrite the complaint to include claims that were never presented." *Lewis* v. *United States*, Civil Action No. DKC-21-2387, 2022 WL 3716544, at *2 (D. Md. Aug. 29, 2022) (internal quotation marks and citation omitted). And the Court "cannot ignore a clear failure to allege facts setting forth a cognizable claim." *Cage*, 2019 WL 3841928, at *3; *see also Russell* v. *Russel Motor Cars, Inc.*, 28 F. Supp. 3d 414, 418 (D. Md. June 18, 2014) ("[L]iberal construction does not absolve Plaintiff from pleading a plausible claim.") (internal citations omitted).

### B. ADA Claim Against Ms. Wang and Mr. Meyer

Ms. Johnson's Amended Complaint does not cite the relevant title of the ADA, but because she alleges wrongful discharge based on disability, the Court construes her claim as arising under Title I of the ADA. *See*, *e.g.*, *Adeyemi* v. *Department of Public Safety and Correctional Services*, Civil Action No. ELH-19-3207, 2021 WL 1785141, at *5 (D. Md. May 5, 2021). In pertinent part, Title I prohibits private employers with over fifteen employees from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring . . . or discharge of employees." 42 U.S.C. §§ 12111(5)(A), 12112(a); *see also Summers* v. *Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (The ADA "prohibits covered employers from discharging qualified employees because they are disabled.").

A prima facie wrongful discharge claim under the ADA requires a plaintiff to plead, and later prove by preponderant evidence, that: "(1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Ennis* v. *National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995), *as amended* (June 9, 1995), *as amended* (Mar. 14, 2008). A plaintiff may establish such a claim either by direct evidence of discrimination or by using the burden-shifting approach the United States Supreme Court announced in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973). *E.g.*, *Equal Emp. Opportunity Comm'n* v. *Manufacturers & Traders Tr. Co.*, 429 F. Supp. 3d 89, 118-119 (D. Md. 2019).

Here, Ms. Johnson has asserted no factual allegations against Mr. Meyer. *See supra* I. Indeed, he is not clearly identified as a defendant in the Amended Complaint. *Id.* There is no need for the Court to assess the sufficiency or plausibility of the allegations against him, as there are none. This alone provides a basis on which to dismiss Ms. Johnson's claim against him.

Further, Ms. Wang and Mr. Meyer correctly argue that the claim against them must be dismissed because the ADA does not provide for individual liability. The ADA incorporates the enforcement provisions under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e *et seq.*, including the enforcement provisions set forth in 42 U.S.C. § 2000e-5. 42 U.S.C. § 12117; *Sydnor* v. *Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that the ADA is modeled after Title VII and incorporates its enforcement procedures). "The enforcement provision of Title VII permits actions against an 'employer, employment agency, labor organization, or joint labor-management committee.'" *Baird ex rel. Baird* v. *Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (quoting 42 U.S.C.A. § 2000e–5(b)). The Fourth Circuit Court of Appeals has "expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Id.* (citing *Lissau* v. *Southern Food Serv., Inc.*, 159 F.3d 177, 180-181 (4th Cir.1998)). As the Court of Appeals has explained, "[b]ecause Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants." *Id.*; *Jones* v. *Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. 2010) ("Title VII [and] the ADA . . . do not provide for causes of action against defendants in their individual capacities.").

Consistent with this teaching, this Court routinely dismisses ADA and related civil rights claims against individual defendants who are not employers. *E.g.*, *Scott* v. *Walmart Inc.*, Civil Action No. LKG-23-2228, 2025 WL 359059, at *9 (D. Md. Jan. 30, 2025) (dismissing Title VII, ADA, and age discrimination claims against the Chief Executive Officer and human resources managers); *Carroll* v. *Porter*, Civil Action No. GLR-23-2960, 2024 WL 3275482, at *4 (D. Md. July 2, 2024) (holding that a manager "cannot be held liable in his individual capacity for a Title VII or ADA violation"); *Whitaker* v. *Maryland Transit Admin.*, Civil Action No. ELH-17-00584,

2018 WL 902169, at *12-13 (D. Md. Feb. 14, 2018) (dismissing Title VII and disability discrimination claims against supervisors and agency administrator in his individual capacity). Therefore, the alleged ADA violation against Ms. Wang and Mr. Meyer in their individual capacities fails to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the foregoing reasons, Ms. Wang and Mr. Meyer's motion to dismiss (ECF No. 48) is granted. A separate Order follows.

Date: May 15, 2025                                      /s/
                                                Erin Aslan
                                                United States Magistrate Judge