UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIARA JOHNSON** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-23-1830 |
| **PLEASANT GARDENS ASSISTED LIVING,** *et al.* | * | |
| | * | |
| Defendants. | | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Tiara Johnson, who is self-represented, initiated the above-captioned action on July 7, 2023, against Defendants Lana Wang and Ron Meyer, seeking damages under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, for wrongful termination. ECF No. 1.  On December 12, 2024, Ms. Johnson filed an Amended Complaint that pleaded this same cause of action against two organizational defendants: Pleasant Gardens Assisted Living and Pleasant Gardens Corporation, LLC.  ECF No. 46.  Pending before the Court is a motion to dismiss filed by Pleasant Gardens Corporation (ECF No. 52), which Ms. Johnson opposed (ECF No. 56).[1]  No reply was filed and the time for doing so has expired, thus, the motion is fully briefed.  Local Rule 105.2(a) (D. Md. 2023).  The Court held a hearing on May 20, 2025, to discuss certain aspects of the pending motion.  ECF No. 61.  No further hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the motion is granted.

---

[1] The instant motion to dismiss is titled and docketed as having been filed on behalf of "'Pleasant Gardens Assisted Living.'"  ECF No. 52.  As will be discussed herein, *see infra* II.A., Pleasant Gardens Assisted Living is not a legal entity.  The Court therefore construes this motion as having been filed on behalf of both the misidentified entity (Pleasant Gardens Assisted Living) and the correct legal entity (Pleasant Gardens Corporation).  *See* ECF No. 62.

I.  **BACKGROUND**

   A.  **Factual Background**[2]

Ms. Johnson had titanium plates placed in her feet in 2018. ECF No. 46 at 6.[3] She also receives Social Security Disability Insurance (SSDI) for another diagnosis that "does not correlate with the surgery." *Id.* Ms. Johnson was hired to work as an overnight caregiver and consultant to Ms. Wang, the owner of Pleasant Gardens Assisted Living. *Id.* At the time Ms. Johnson was hired, Ms. Wang was aware that Ms. Johnson was "an SSDI recipient for chronic pain due to endometriosis." ECF No. 46 at 6. Ms. Johnson had multiple surgeries to alleviate her symptoms and ultimately retired due to chronic endometriosis and chronic pain. ECF No. 7-

---

[2] This factual summary is drawn from the allegations in the Amended Complaint (ECF No. 46), which are accepted as true for the purposes of deciding this motion, as well as documents that are integral to the Amended Complaint and authentic. *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164165 (4th Cir. 2016); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The Court has included in this factual summary allegations contained in the statements prepared by Ms. Johnson and Ms. Wang in connection with the administrative proceedings before the United States Equal Employment Opportunity Commission (EEOC), which Ms. Johnson filed as a supplement to the Complaint and the Court considers to be integral to the Amended Complaint. ECF No. 7-1 at 8–9. *White* v. *American Fed'n of State Cnty. & Gov't Emps. Union Loc. 2250*, Civil Action No. DKC 23-3161, 2024 WL 3161589, at *2 (D. Md. June 25, 2024) ("Where a plaintiff advances claims for employment discrimination, a court may consider an EEOC charge and other EEOC documentation as documents integral to the complaint.") (collecting cases). Although Ms. Johnson filed the supplement before the Amended Complaint, decisions of this Court have considered supplements predating the operative pleading, which is consistent with the principle that *pro se* filings are to be liberally construed. *E.g.*, *Corporal* v. *Smith*, Civil Action No. DKC 20-1193, 2022 WL 6169908, at *1 (D. Md. Oct. 7, 2022); *Allen* v. *Cort Trade Show Furnishings*, Civil Action No. ELH-19-2859, 2020 WL 3639980, at *1 & *1 n.2 (D. Md. July 2, 2020). Ms. Johnson also filed these same two statements in connection with her opposition to the instant motion to dismiss. ECF No. 56-1 at 7–9. Consistent with the principle governing *pro se* pleadings, this Court has considered allegations raised in opposition brief when deciding a motion to dismiss. *E.g.*, *Lewis* v. *United States*, Civil Action No. DKC-22-2899, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024); *Gough* v. *Bankers Life & Cas. Co.*, Civil Action No. PJM 17-2341, 2019 WL 585715, at *2 (D. Md. Feb. 12, 2019), *aff'd*, 781 Fed. Appx. 251 (4th Cir. 2019); *but see N'jai* v. *Boyd*, Civil Action No. JRR-24-2068, 2024 WL 4651029, at *5 n.7 (D. Md. Nov. 1, 2024).

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

1 at 8.  As part of her duties, Ms. Johnson "provide[d] security," "incontinence care," and "whatever the residents may have needed" for 15 residents between the hours of 8:00 pm and 7:00 am.  ECF No. 7-1 at 8.  Ms. Johnson "fulfilled [her] tasks of patient care, washing clothes, cleaning the home[,] and setting the table for the morning shift."  *Id.*  Ms. Wang also asked Ms. Johnson to "evaluate the staff and report anything that was not up to standards."  *Id.*

Ms. Johnson alleges that on January 7, 2021, Ms. Wang and the "house manager" wrongfully terminated her employment after Ms. Johnson "expressed a concern of a resident having a bed sore and saturated mattress."  ECF Nos. 46 at 6; 7-1 at 8; *see also* ECF Nos. 46 at 6 (alleging that Ms. Johnson was terminated for having reported "neglect within one of the seven facilities").  One manager "question[ed] why [Ms. Johnson] had sent the message."  ECF No. 7-1 at 8.  Ms. Johnson "was attacked for not being able to transport a soiled resident [who] was a double amputee."  *Id.*  The facility did not have a patient lift, so they "had another resident's grandson pick him up."  *Id.*  Ms. Johnson "had to move him to another bed alone."  *Id.*

On the day she was fired, the house manager yelled that Ms. Johnson "do[es] not work." ECF No. 46 at 6; *see also* ECF No. 7-1 at 8.  Ms. Johnson explained that she "ha[d] worked since [she] had been there.  ECF No. 46 at 6.  Ms. Johnson "was there for all of [her] scheduled days and completed her shifts."  ECF No. 7-1 at 8.  The house manager yelled that she was not firing Ms. Johnson because she could not "transport the patient by [her]self," rather she was firing Ms. Johnson "because of [her] feet."  ECF No. 46 at 6.  Ms. Wang "also stated that she would not have hired [Ms. Johnson] if she had known that [Ms. Johnson] ha[s] a disability."  *Id.*

A document entitled "Reply from Pleasant Gardens" (all caps removed), which was signed by Ms. Wang on behalf of Pleasant Gardens Corporation, disputes that Ms. Johnson was hired or worked as "a consultant and overnight medical technician."  ECF No. 7-1 at 9 (internal quotation marks removed).  The reply asserts that Pleasant Gardens Corporation has only two

3

positions: house manager and caregiver.  *Id.*  In every employee's file, there must be a doctor's note that the employee is "physical capable of working in an assisted-living environment."  *Id.*  For example, the employee "must be able to assist a 150-pound resident in transferring from bed to wheelchair and back."  *Id.*  The reply further alleges that Ms. Johnson "never disclosed that she was disabled.  If she had, we would have told her that, per state regulations, we cannot hire any disabled person to be a caregiver."  *Id.*  The reply also asserts that Ms. Johnson "refused to do any caregiver work," "began to gossip," and woke up residents at 2:00 am "to stir up controversy."  *Id.*  The reply acknowledges that Ms. Johnson called a state regulatory agency to report "that a resident's bed had a hole in it," but reports that the responding "nurse surveyor" observed that the bed "was a little uneven[ ] but had no hole" and said that it could be used.  *Id.*  Afterwards, Pleasant Gardens Corporation terminated Ms. Johnson's employment because it had determined that she did not have "the mental stability or stamina to work as a caregiver in assisted living."  *Id.*

B.   **Procedural History**

On March 31, 2023, the United States Equal Employment Opportunity Commission (EEOC) issued a determination letter to Ms. Johnson and Pleasant Gardens Assisted Living that stated that there was reasonable cause to believe that the respondent had discharged Ms. Johnson because of her disability in violation of the ADA.[4]  ECF No. 7-1 at 1–2.  On April 13, 2023, the EEOC issued Ms. Johnson an official notice of the dismissal of her charge and of her right to sue (right-to-sue letter).  *Id.* at 3–6.  Ms. Wang and Pleasant Gardens Corporation were copied on this correspondence.  *Id.*  The EEOC issued a letter to Ms. Johnson and Pleasant Gardens Assisted Living indicating that it had determined that conciliation efforts were unsuccessful, and

---

[4] The address for Pleasant Gardens Assisted Living on this correspondence was 3711 Pinewood Avenue, Baltimore, MD, 21206.

it would not bring a lawsuit on Ms. Johnson's behalf. *Id.* at 7. Ms. Wang was copied on this correspondence.[5] *Id.*

Ms. Johnson filed this action on July 7, 2023, which was within 90 days of the EEOC's issuance of the right-to-sue letter. ECF Nos. 1; 7-1 at 3–6. Ms. Johnson sought leave to proceed *in forma pauperis*, which the Court granted on December 5, 2024. ECF Nos. 3, 9. The Court also extended Ms. Johnson's time to submit United States Marshals Service (USMS) service of process forms to the Clerk of the Court until December 26, 2024, and directed the Clerk and USMS to take the necessary steps to effectuate service. ECF No. 9. Ms. Johnson timely returned the forms, and the Clerk issued the summons on December 18, 2024, which USMS retuned as executed on January 5 and 17, 2024. ECF Nos. 10, 12–13. Ms. Johnson identified Ms. Wang and Mr. Meyer as Defendants in her initial Complaint. ECF No. 1. The Defendants she identified on the USMS service of process form were Ms. Wang, Mr. Meyer, and "Pleasant Gardens," who were served at "Pleasant Gardens Assisted Living," and "Phoenix Rising – Pleasant Gardens Assisted Living" at three separate addresses.[6] *Id.*; ECF No. 13.

Ms. Wang and Mr. Meyer, who were initially self-represented, filed an Answer to the initial Complaint in which they stated that they "both operate Pleasant Gardens Assisted Living, a Maryland corporation." ECF No. 14 at 1. Ms. Wang and Mr. Meyer subsequently filed an Amended Answer, as well as a motion to dismiss the Complaint. ECF Nos. 16, 36. Following a status conference with the parties to discuss the Defendants' motion and related filings (ECF No. 42), the Court denied the motion to dismiss and granted Ms. Johnson leave to move to amend the Complaint. ECF No. 43. Ms. Johnson moved to amend her pleading to add two

---

[5] The address for Ms. Wang on this correspondence was 3711 Pinewood Avenue, Baltimore, MD, 21206.

[6] One of the addresses for Pleasant Gardens Assisted Living was 3711 Pinewood Avenue, Baltimore, MD, 21206.

organizational defendants: Pleasant Gardens Assisted Living and Pleasant Gardens Corporation, LLC.[7] ECF Nos. 44; 46 at 1, 3. The Amended Complaint's allegations appear to be identical to those asserted in the initial Complaint. *Compare* ECF No. 1 at 6 *with* ECF No. 46 at 6.

The Court approved the Amended Complaint and directed Ms. Johnson, the Clerk, and the USMS to take necessary steps to effectuate service on the new organizational defendants. ECF No. 45. Ms. Johnson prepared two USMS service of process forms, one for Ms. Wang and one for Pleasant Gardens Assisted Living. ECF No. 47-2. The summons was returned as executed as to Ms. Wang, who was served at Pleasant Gardens Assisted Living, 3711 Pinewood Avenue, Baltimore, MD, 21206. ECF No. 51. The summons was returned as unexecuted as to Pleasant Gardens Assisted Living, which was listed at a different address. ECF No. 57. Ms. Wang and Mr. Meyer, through counsel, then filed a motion to dismiss the Amended Complaint (ECF No. 48), which the Court granted (ECF Nos. 58–59). The same counsel filed the instant motion to dismiss on behalf of Pleasant Gardens Corporation. ECF No. 52.

## II.   DISCUSSION

Pleasant Gardens Corporation raises four arguments in support of its motion to dismiss the Amended Complaint: (1) Pleasant Gardens Assisted Living is not a legal entity capable of being sued; (2) Ms. Johnson failed to properly serve Pleasant Gardens Corporation; (3) the claim against Pleasant Gardens Corporation is untimely; and (4) the Amended Complaint fails to state a claim upon which relief may be granted.[8] ECF Nos. 52, 52-1. Each of these arguments is addressed in turn below.

---

[7] The Amended Complaint also identifies Lanzhi Wang as a defendant, although this refers to Ms. Wang. ECF Nos. 46 at 1–2 (identifying "Defendant No. 1" as "Lana Wang AKA Lanzhi Wang"); 52 at 2 n.3 (indicating that Lanzhi Wang is Ms. Wang's formal name).

[8] Ms. Johnson, who is self-represented, did not explicitly respond to many of these arguments in her opposition. ECF No. 56.

A. **Identity of the Organizational Defendants**

As set forth in the Court's prior memorandum opinion dismissing Ms. Johnson's claims against Ms. Wang and Mr. Meyer, "the ADA does not provide for individual liability." ECF No. 58 at 5; *Johnson* v. *Wang*, Civil Action No. EA-23-1830, 2025 WL 1413281, at *2 (D. Md. May 15, 2025). Instead, ADA claims are actionable only "against an 'employer, employment agency, labor organization, or joint labor-management committee.'" *Baird ex rel. Baird* v. *Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (quoting 42 U.S.C.A. § 2000e–5(b)); *see also id.* at (explaining that the ADA's enforcement provisions are the same as those of Title VII) (citing 42 U.S.C. § 12117)). The question here is whether Ms. Johnson has filed suit against the correct employer. Pleasant Gardens Corporation contends that Pleasant Gardens Assisted Living is not a legally existing entity, which Ms. Johnson disputes. ECF Nos. 52 at 1 n.1; 52-1 at 1 n.1; 56 at 1.

According to the information available through Maryland's State Department of Assessments and Taxation (SDAT), there is no registered business entity in Maryland named Pleasant Gardens Assisted Living. *See White* v. *Lexington Ct. Apartments, LLC*, Civil Action No. DKC 16-0427, 2016 WL 1558340, at *3 n.4 (D. Md. Apr. 18, 2016) ("The court may take judicial notice of information found on SDAT's website."). There are, however, what appear to be two related entities, one of which is in good standing with the State of Maryland. SDAT records reflect that on March 11, 2016, Mr. Meyer, as resident agent, filed articles of incorporation for Pleasant Gardens Healthcare Corporation, 3711 Pinewood Avenue, Baltimore, MD, 21206, but as of October 11, 2019, the entity's charter was forfeited.[9] Maryland law provides that when "SDAT has declared a corporate charter forfeited, 'the powers conferred by law on the corporation[ ] are inoperative, null and void.'" *Tri-Cnty. Unlimited, Inc.* v. *Kids First Swim Sch. Inc.*, 191 Md. App. 613, 621 (2010) (Md. Code Ann., Corps. & Ass'ns § 3-503(d));

---

[9] Pleasant Gardens Healthcare Corporation, Department ID Number D17109901.

7

*see also Scott* v. *Seek Lane Venture, Inc.*, 91 Md. App. 668, 685-686 (1992) ("Under Maryland law, once a corporation's charter is revoked and forfeited, the corporation ceases to exist as a legal entity.").

On January 2, 2014, Jingshu Zhang, as resident agent, filed articles of incorporation for Pleasant Gardens Corporation, 3711 Pinewood Avenue, Baltimore, MD, 21206, which is in good standing.[10] Thus, Maryland business records indicate that the proper organizational defendant in this action is Pleasant Gardens Corporation. Pleasant Gardens Corporation confirmed as much during the motions hearing and via a notice it filed on May 28, 2025. ECF Nos. 61–62. Pleasant Gardens Corporation further agreed in its notice that all references to "Pleasant Corporation" and "Pleasant Gardens Corporation LLC" in the Amended Complaint should be treated as references to Pleasant Gardens Corporation. Accordingly, Ms. Johnson's claim against Defendant Pleasant Gardens Assisted Living will be dismissed with prejudice because it is a non-entity, *see Scott*, 91 Md. App. at 686, and the name of the sole remaining Defendant shall be updated to reflect its legally correct name: Pleasant Gardens Corporation.

B.   **Service of Process**

Pleasant Gardens Corporation initially sought dismissal of the claim pending against it based on Ms. Johnson's failure to serve it with the Amended Complaint. ECF No. 52 ¶¶ 1–6. During the motion hearing, the Court indicated that although Ms. Johnson did not prepare a USMS service of process form for Pleasant Gardens Corporation as directed by the Court's December 12, 2024 Order, she has otherwise exercised diligence in prosecuting this action and attempting to effectuate service. ECF Nos. 45, 61. Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure" to serve a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate

---

[10] Pleasant Gardens Healthcare Corporation, Department ID Number D15606809.

period." Fed. R. Civ. P. 4(m).  "Because the question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, courts have declined to give it a concrete definition, preferring to analyze a number of factors." *Scott* v. *Maryland State Dep't of Lab.*, 673 Fed. Appx. 299, 306 (4th Cir. 2016).  These factors include whether "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time." *Id.*

Here, assessment of these factors supports a finding of good cause to extend the service deadline for Pleasant Gardens Corporation.  Ms. Johnson has acted diligently in her attempts to effectuate service throughout the history of the action.  As noted, *see supra* I.B., Ms. Johnson initially prepared three USMS service of process forms to serve Ms. Wang, Mr. Meyer, and "Pleasant Gardens" at three different addresses, one of which is the address of record for Pleasant Gardens Corporation.  To effectuate service of the Amended Complaint, Ms. Johnson prepared two additional forms, one for Ms. Wang, who was served at the address of record for Pleasant Gardens Corporation, and one for Pleasant Gardens Assisted Living at a different address, which was returned as unexecuted.  Although Pleasant Gardens Assisted Living is not a legal entity, Ms. Johnson's confusion as to the correct identity of the organizational defendant employer is understandable given that the EEOC referred to Pleasant Gardens Assisted Living as the respondent in the administrative proceedings and Ms. Wang and Mr. Meyer identified Pleasant Gardens Assisted Living as a Maryland corporation that they operate in their initial Answer to the Complaint. ECF Nos. 7-1 at 1–2, 7; 14 at 1.  Ms. Johnson's diligence counsels in favor of extending her time for service.  *E.g.*, *Browne* v. *Cane*, No. 3:23CV797 (DJN), 2024 WL 3184627, at *1 (E.D. Va. June 26, 2024) ("District courts within the Fourth Circuit have found

9

good cause to extend the ninety-day time period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant.") (internal quotation marks and citation omitted); *May* v. *Martin Fein Int. Ltd.*, No. 5:21-CV-00083-M, 2022 WL 1597820, at *8 (E.D.N.C. May 19, 2022) (finding good cause where the plaintiffs had "diligently, if improperly, pursued service of process").

Ms. Johnson's status as a self-represented party who is proceeding *in forma pauperis* further supports a finding of good cause. *E.g.*, *Chase* v. *Department of Pub. Safety & Corr. Servs.*, Civil Action No. ELH-18-2182, 2020 WL 1914811, at *5 (D. Md. Apr. 20, 2020) (finding good cause to extend the service deadline because the plaintiff was both self-represented and proceeding *in forma pauperis*); *May*, 2022 WL 1597820, at *8 (noting that "courts generally allow pro se plaintiffs to correct technical insufficiencies in service") (collecting cases).

Finally, there is no indication that Pleasant Gardens Corporation will be prejudiced. Due to myriad issues related to service, challenges to the sufficiency of the pleadings, and identification of the proper defendants, discovery in this case has not yet begun despite the fact that it was filed nearly two years ago. Thus, notwithstanding its age, the case is in its nascency in terms of substantive litigation. What is more, as will be discussed further, *see infra* III.C., the procedural history of this case suggests that Pleasant Gardens Corporation has had constructive notice of this action for some time. *E.g.*, *May*, 2022 WL 1597820, at *8 (noting that the defendants' notice of the suit was one factor among many that supported good cause). Consistent with this, Pleasant Gardens Corporation has agreed that its counsel will accept service on its behalf effective May 28, 2025, thus obviating any remaining service of process issue. ECF No. 62.

### C. Timeliness

Pleasant Gardens Corporation next raises a timeliness argument. The ADA, like other civil rights statutes, has certain procedural and timeliness prerequisites. Before filing suit in federal court, a plaintiff must exhaust administrative remedies by filing a Charge of Discrimination with the EEOC or appropriate state or local agency. *Fort Bend Cnty., Tex.* v. *Davis*, 587 U.S. 541, 543-544 (2019); *Sydnor* v. *Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that the ADA is modeled after Title VII and incorporates its enforcement procedures, including administrative exhaustion). A complainant is entitled to a right-to-sue letter from the EEOC no later than 180 days after a charge is filed, and suit must be filed within 90 days of receipt of the letter. *Fort Bend Cnty.*, 587 U.S. at 545 (citing 42 U.S.C. § 2000e–5(f)(1)); *Little* v. *North Carolina Dep't of Just.*, No. 23-1338, 2024 WL 701796, at *1 (4th Cir. Feb. 21, 2024). This 90-day period begins to run on the date the complainant receives the requisite notice. *Davis* v. *Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999); *Harvey* v. *City of New Police Dep't*, 813 F.2d 652, 653 (4th Cir. 1987). "The 90-day filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Laber* v. *Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (quoting *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Ms. Johnson initiated this action on July 7, 2023, which was within 90 days of the EEOC's issuance of a right-to-sue letter on April 13, 2023. ECF Nos. 1, 7-1 at 3. Pleasant Gardens Corporation argues that Ms. Johnson's ADA claim against it is untimely because the Amended Complaint was filed outside of the 90-day period and does not relate back to the original pleading. ECF Nos. 52 ¶¶ 7–11; 52-1 at 4 ¶¶ 7–8.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski* v. *Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Rule 15(c) outlines three elements that must be satisfied when a plaintiff seeks to add a new party or change a party's name through an amended pleading:

> First, the claim must involve the same transaction or occurrence. Second, the new party must have notice of the action within the period provided by Rule 4(m) for service of the summons and complaint such that the party will not be prejudiced in maintaining a defense on the merits. Third, the new party must have known or should have known that, but for a mistake in identity, the action would have been brought against [it].

*Dunbar* v. *Montgomery Cnty., Maryland*, Civil Action No. DKC 20-0738, 2020 WL 7319276, at *2 (D. Md. Dec. 11, 2020) (quoting *Benn* v. *Seventh-Day Adventist Church*, 304 F. Supp. 2d 716, 724 (D. Md 2004)); *see also* Fed. R. Civ. P. 15(c)(1)(B)-(C); *Robinson* v. *Clipse*, 602 F.3d 605, 608 (4th Cir. 2010).

The purpose of the relation-back doctrine is to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550 (citing Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed. 2009)); *see also* 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1471 (3d ed. 2010) (The purpose of Rule 15(c) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."). Thus, when a "party has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Goodman* v. *Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007).

When the Court analyzes the relation-back doctrine on a motion to dismiss, it "must accept the truth of [a plaintiff's] plausible allegations and draw all reasonable inferences in [their] favor." *Dreher* v. *Maryland*, Civil Action No. GLR-17-3832, 2019 WL 528192, at *7 (D. Md. Feb. 11, 2019), *on reconsideration in part sub nom.*, 2019 WL 13255743 (D. Md. Sept. 23, 2019); *see also infra*, II.D. In this posture, dismissal is appropriate only if "there is no possibility of relation-back." *Bruno* v. *Paulison*, Civil Action No. RDB 08-0494, 2009 WL 377300, at *5 (D. Md. Feb. 12, 2009).

Here, the first element is indisputably satisfied given that the allegations in the Amended Complaint appear to be identical to those in the initial Complaint. *Compare* ECF No. 1 at 6 *with* ECF No. 46 at 6; *see also McGraw* v. *Gore*, 31 F.4th 844, 849 (4th Cir. 2022) (ruling that this requirement was plainly satisfied because the amended complaint asserted the same claims as the original); *see also Alloways* v. *Multiserv N. Am.*, Civil Action No. RDB-10-03372, 2012 WL 346468, at *3 (D. Md. Feb. 1, 2012) ("[B]ecause the amended complaint arises out of the same incident which gave rise to the original complaint, the question to be resolved is whether Harsco Corporation received appropriate notice of this suit and whether it would be unfairly prejudiced by being substituted as the Defendant.").

The second element examines notice to the prospective new party. This inquiry is grounded in the balance of equities inherent in the Rule 15(c) analysis. "Thus, when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose." *Goodman*, 494 F.3d at 472. "On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save [them]." *Id.*

13

Notice to a prospective defendant may be actual or constructive, formal or informal. *Williams* v. *Kincaid*, 45 F.4th 759, 775 (4th Cir. 2022); *Mui* v. *Weaser*, Civil Action No. AAQ-22-2984, 2023 WL 4236196, at *5 (D. Md. June 27, 2023); *Dunbar*, 2020 WL 7319276, at *3; *McDaniel* v. *Maryland*, Civil Action No. RDB-10-00189, 2010 WL 3260007, at *5 (D. Md. Aug. 18, 2010). As relevant here, constructive notice may be established through the "identity of interest principle," which "provides that added parties are deemed to have received constructive notice where the original and added parties are 'so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Benn*, 304 F. Supp. 2d at 725 (quoting *Hernandez Jimenez* v. *Calero Toledo,* 604 F.2d 99, 102-103 (1st Cir. 1979)). Thus, "[n]otice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim." *W. Contracting Corp.* v. *Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).

Here, the pleadings and the Court's own records make it plausible that Pleasant Gardens Corporation had notice of this action within the relevant timeframe.[11] The limitations period for analyzing the required notice is the Federal Rule of Civil Procedure 4(m) notice period. *McGraw*, 31 F. 4th at 849; *Robinson*, 602 F.3d at 608. Thus, the limitations period encompasses Rule 4(m)'s "good cause" extension for time for service. *Robinson*, 602 F.3d at 608 (citing *Skoczylas* v. *Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir.1992), for the proposition that the notice period required under Rule 15(c) can be extended if good cause is shown). Further, the service period is tolled while the district court screens a plaintiff's *in forma pauperis*

---

[11] Under Federal Rule of Evidence 201, the Court may take judicial notice of its own record if they are not subject to reasonable dispute. Fed. R. Evid. 201; *see also Anderson* v. *Federal Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (the court may take judicial notice of its own records).

application.  *Id.*  The Court of Appeals for the Fourth Circuit has explained that because "[i]n *forma pauperis* plaintiffs must rely on the district court and the [USMS] to effect service of process," "the period of time before the district court authorized service by the [USMS] does not count . . . for purposes of determining the limitation period."  *Id.*; *see also McGraw*, 31 F.4th at 850 ("[T]he governing Rule 4(m) service period is tolled while a district court screens a complaint for frivolity under 28 U.S.C. § 1915 and begins to run only after the court authorizes service.").

Because the Court authorized service on December 5, 2024, and service was effectuated on January 5, 2025, Ms. Wang and Mr. Meyer were timely served.  As set forth previously, *see supra* I.B., the Court records reveal that Ms. Wang and Mr. Meyer were served at the address of record for Pleasant Gardens Corporation.  Ms. Johnson also served the initial Complaint on "Pleasant Gardens" at that same address.  This coupled with the individual defendants' assertion that they "operate Pleasant Gardens Assisted Living," *see supra* I.B., makes it plausible that there is an identity of interest among the individual and corporate defendants in this action and that Pleasant Gardens Corporation had notice of this action within the Rule 4(m) timeframe.

For the same reasons, it is also plausible that Pleasant Gardens Corporation "knew or should have known that the action would have been brought against it" within the Rule 4(m) period "but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C) & (C)(ii).  In addition to the service of process forms, as set forth previously, *see supra* I.B., the EEOC sent Ms. Johnson's right-to-sue letter to Pleasant Gardens Corporation, which supplies the requisite knowledge to support relation back.  *E.g.*, *Dreher* v. *Anne Arundel Cnty.*, Civil Action No. GLR-17-3832, 2019 WL 13255743, at *4 (D. Md. Sept. 23, 2019) (finding that because the prospective defendant had participated in the EEOC proceedings, it "knew or should have known that, but for [the plaintiff's] mistake in naming the correct parties, [it] would have been a

15

Defendant in the Complaint"). Dismissal on this basis is therefore inappropriate. Should the case progress and should additional information be uncovered in discovery that establishes that Pleasant Gardens Corporation did not, in fact, have the required notice and/or knowledge it may raise its timeliness argument anew in a motion for summary judgment. *See*, *e.g.*, *Mui*, 2023 WL 4236196, at *7; *Bruno*, 2009 WL 377300, at *5.

   D.   **Failure to State a Claim**

Finally, Pleasant Gardens Corporation argues that the Amended Complaint fails to state a claim. ECF Nos. 52 at 1 & 1 n.2; 52-1 at 1 & 1 n.1. Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). It is fundamental that the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The same does not hold true for legal conclusions. *Id.; Twombly*, 550 U.S. at 555. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation

of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court has a "duty to construe *pro se* filings liberally." *Justus* v. *Clarke*, 78 F.4th 97, 111 (4th Cir. 2023), *cert. denied sub nom.*, 144 S. Ct. 1096 (2024). This liberal construction "allow[s] for the development of a potentially meritorious case," *Cage* v. *NASA Goddard Space Flight Ctr.*, Civil Action No. PX-18-3355, 2019 WL 3841928, at *3 (D. Md. Aug. 14, 2019), but it does not transform the Court into an advocate, *Thurman* v. *Robinson*, 51 F.3d 268 (Table); 1995 WL 133350, at *3 (4th Cir. 1995). The Court will therefore "read a *pro se* pleading to state a claim if possible from the facts, but it will not rewrite the complaint to include claims that were never presented." *Lewis* v. *United States*, Civil Action No. DKC-21-2387, 2022 WL 3716544, at *2 (D. Md. Aug. 29, 2022) (internal quotation marks and citation omitted). And the Court "cannot ignore a clear failure to allege facts setting forth a cognizable claim." *Cage*, 2019 WL 3841928, at *3; *see also Russell* v. *Russel Motor Cars, Inc.*, 28 F. Supp. 3d 414, 418 (D. Md. June 18, 2014) ("[L]iberal construction does not absolve Plaintiff from pleading a plausible claim.") (internal citations omitted).

The Amended Complaint does not cite the relevant title of the ADA, but because Ms. Johnson alleges wrongful discharge based on disability, the Court construes her claim as arising under Title I of the ADA. *See*, *e.g.*, *Adeyemi* v. *Department of Public Safety and Correctional Services*, Civil Action No. ELH-19-3207, 2021 WL 1785141, at *5 (D. Md. May 5, 2021). In pertinent part, Title I prohibits private employers with over fifteen employees from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring . . . or discharge of employees." 42 U.S.C. §§ 12111(5)(A), 12112(a); *see also Summers* v. *Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (The ADA "prohibits covered employers

17

from discharging qualified employees because they are disabled."). "This fifteen-employee numerosity requirement is a threshold element of an ADA claim." *Bittle-Lindsey* v. *Seegars Fence Co., Inc.*, No. 21-1044, 2022 WL 1566770, at *1 (4th Cir. May 18, 2022); *see also Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 516 (2006); *Reynolds* v. *American Nat. Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (applying *Arbaugh* to an ADA claim). Pleasant Gardens Corporation correctly argues that the Amended Complaint does not allege that it employed the 15 employees required to bring it within the scope of the ADA's protections. ECF Nos. 52 & 1 n.2; 52-1 at 1 n.2. The Amended Complaint therefore fails to state a claim upon which relief may be granted. *E.g.*, *White* v. *American Fed'n of State Cnty. & Gov't Emps. Union Loc. 2250*, Civil Action No. DKC 23-3161, 2024 WL 3161589, at *4 (D. Md. June 25, 2024) (dismissing Title VII claim because the plaintiff failed to allege that the defendant employer had more than 15 employees) (collecting cases).

Further, it is unclear that Ms. Johnson has plausibly alleged the other elements of her ADA claim. A prima facie wrongful discharge claim under the ADA requires a plaintiff to plead, and later prove by preponderant evidence, that: "(1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Ennis* v. *National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995), *as amended* (June 9, 1995), *as amended* (Mar. 14, 2008). A plaintiff may establish such a claim either by direct evidence of discrimination or by using the burden-shifting approach the United States Supreme Court announced in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973). *E.g.*, *Equal Emp. Opportunity Comm'n* v. *Manufacturers & Traders Tr. Co.*, 429 F. Supp. 3d 89, 118-119 (D. Md. 2019).

Although the allegations suggest that Ms. Johnson has a colorable claim, the Amended Complaint lacks factual details to nudge the claim from "possible" to "plausible." *See Twombly*, 550 U.S. at 555 (2007). Ms. Johnson has plausibly alleged that she has a disability and that her employment was terminated, thus satisfying the first two elements. *See supra*, I.A. She further alleges facts that plausibly raise an inference of discrimination as required by the fourth element. For example, the Amended Complaint asserts that the house manager said she fired Ms. Johnson because of her disability and Ms. Wang told Ms. Johnson that if she had known Ms. Johnson had a disability, she would not have hired her. It is not clear, however, that Ms. Johnson has plausibly alleged the third element. The allegations in the Amended Complaint and supplement to the Complaint included mixed allegations regarding Ms. Johnson's performance at the time of her discharge. For example, Ms. Johnson alleges both that she reported to work and performed all required tasks and that the house manager said she did not work, and Ms. Wang said that Ms. Johnson instigated controversy and did not have the stamina and mental stability her position required. Because Ms. Johnson proceeds *pro se*, she will be afforded an opportunity to file a further amended complaint to add facts supporting her allegations.

Any proposed Second Amended Complaint must conform to the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief so that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 requires that allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy the basic pleading requirements. *Iqbal*, 556 U.S. at 678. Rule 10 requires that the complaint identify each defendant allegedly responsible for the wrongdoing. Fed. R. Civ. P. 10(a).

Ms. Johnson is reminded that the Second Amended Complaint will replace the Amended Complaint. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young* v. *City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, Ms. Johnson must include all the allegations against Pleasant Gardens Corporation and any documents integral to the Second Amended Complaint so that it may stand alone as the sole complaint in this case. Ms. Johnson is warned that failure to file an amended complaint consistent with this Memorandum Opinion may result in the dismissal of the case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For the foregoing reasons, Pleasant Gardens Corporation's motion to dismiss (ECF No. 54) is granted. A separate Order follows.

Date: June 11, 2025

/s/
Erin Aslan
United States Magistrate Judge