UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIARA JOHNSON | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. EA-23-1830 |
| PLEASANT GARDENS CORPORATION, | * | |
|     Defendant. | * | |

**MEMORANDUM ORDER**

Plaintiff Tiara Johnson, who is self-represented, initiated the above-captioned action on July 7, 2023, seeking damages under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, for wrongful termination. ECF No. 1. On December 12, 2024, Ms. Johnson filed an Amended Complaint (ECF No. 46), which the Court dismissed for failure to state a claim upon which relief may be granted (ECF Nos. 63, 64). The Court afforded Ms. Johnson an opportunity to file a Second Amended Complaint. ECF Nos. 63 at 19–20; 64.[1] Ms. Johnson elected to do so. ECF. No. 65. Pending before the Court are Defendant Pleasant Gardens Corporation's (Pleasant Gardens) motion to dismiss the Second Amended Complaint for failure to state a claim (ECF No. 67) and Ms. Johnson's motion for leave to file a physical exhibit (ECF No. 66), which asks the Court to consider audio recordings. The motion to dismiss is fully briefed.[2] ECF Nos. 67, 70. Pleasant Gardens did not respond to Ms. Johnson's motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, Pleasant Gardens' motion to dismiss is granted and Ms. Johnson's motion is denied as moot.

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[2] Pleasant Gardens elected not to file a reply memorandum and the time for doing so has elapsed. Local Rule 105.2(a) (D. Md. 2025).

I.      **BACKGROUND**[3]

Pleasant Gardens hired Ms. Johnson to work as a live-in overnight care provider beginning January 1, 2021.  ECF No. 65 at 2.  As part of the process, Ms. Johnson completed a "new hire/application" and provided copies of her "medical exam/clearance."  *Id.*  Ms. Johnson lived on-site in a separate basement unit, and she customarily worked from 8:00 p.m. to 8:00 a.m.  *Id.*  Ms. Johnson's daily tasks consisted of patient care, cleaning, washing clothes, monitoring clients, patient/client assistance, and setting tables at the end of her shift.  *Id.*  She frequently communicated with Lana Wang, the owner of Pleasant Gardens, via telephone and text messages regarding each client's specific needs and Ms. Wang's "concerns with staff being aggressive and neglectful."  *Id.*

While tending to a client at 5:00 a.m. on January 8, 2021, Ms. Johnson noticed a hole in a client's mattress and "a sore on the client."  *Id.*  Ms. Johnson reported this to Ms. Wang, who did not reply, and to the house manager, Rhonda (last name unknown), who berated Ms. Johnson, yelled at her, and later fired her.  *Id.* at 2–3; *see also* ECF Nos. 1 at 3; 46 at 3.  When Ms. Johnson asked for a letter of termination, Rhonda stated, "No one cares about your consulting services!" and informed Ms. Johnson, "I'm not firing you because you can't transport [a client], I'm firing you because you don't do no work, and your feet, you['re] always limping and complaining."  ECF No. 65 at 3.

Ms. Johnson alleges that she was "unlawfully terminated due to reporting neglect within the workplace, having chronic pain from corrective surgery and a protected medical condition."  *Id.* at 1.  She seeks a declaratory judgment that Pleasant Gardens violated the ADA and $490,000 in damages.  *Id.* at 3.

---

[3]  This factual summary is drawn from the allegations in the Second Amended Complaint, which are accepted as true for the purposes of deciding this motion.  *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164–165 (4th Cir. 2016).

**II.   DISCUSSION**

"Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it 'fail[s] to state a claim upon which relief can be granted.'" *Johnson* v. *Pleasant Gardens Assisted Living*, Civil Action No. EA-23-1830, 2025 WL 1650394, at *8 (D. Md. June 11, 2025) (quoting Fed. R. Civ. P. 12(b)(6)).  When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). Although the Court has a "duty to construe *pro se* filings liberally," *Justus* v. *Clarke*, 78 F.4th 97, 111 (4th Cir. 2023), *cert. denied sub nom.*, 144 S. Ct. 1096 (2024), it "cannot ignore a clear failure to allege facts setting forth a cognizable claim," *Cage* v. *NASA Goddard Space Flight Ctr.*, Civil Action No. PX-18-3355, 2019 WL 3841928, at *3 (D. Md. Aug. 14, 2019).

In dismissing Ms. Johnson's Amended Complaint, the Court found that Ms. Johnson had failed to allege that Pleasant Gardens employed the 15 employees required to bring it within the scope of the ADA's coverage.  *Johnson*, 2025 WL 1650394, at *9.  The Court also noted that it was unclear whether Ms. Johnson plausibly alleged the other elements of her ADA claim, namely that: "(1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Id.* (quoting *Ennis* v. *National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995), *as amended* (June 9, 1995), *as amended* (Mar. 14, 2008)).  Because Ms. Johnson is self-represented, the Court afforded her an opportunity to file a Second Amended Complaint that addressed these deficiencies. *Id.* at *10.  The Court reminded Ms. Johnson that she "must include all the allegations against Pleasant Gardens Corporation and any documents

3

integral to the Second Amended Complaint so that it may stand alone as the sole complaint in this case." *Id.* In particular, the Court made clear that in order to properly bring a wrongful discharge claim based on disability arising under Title I of the ADA, the claimant must meet the "fifteen-employee numerosity requirement." *Id.* at *9 (quoting *Bittle-Lindsey* v. *Seegars Fence Co., Inc.*, No. 21-1044, 2022 WL 1566770, at *1 (4th Cir. May 18, 2022)).

In its motion to dismiss, Pleasant Gardens correctly notes that Ms. Johnson's Second Amended Complaint does not allege that it employed 15 employees. ECF No. 67 at 2. In response, Ms. Johnson argues that "federal courts operate under a 'notice pleading' standard," and asserts that the Second Amended Complaint "provides sufficient information regarding the size of the business." ECF No. 70 at 1. Alternatively, Ms. Johnson argues that the number of employees "is a factual detail that is more appropriately addressed during the discovery phase of litigation, rather than as a prerequisite for surviving a motion to dismiss." *Id.* at 2.

Ms. Johnson's arguments are insufficient. The Court previously instructed her that the "'fifteen-employee numerosity requirement is a threshold element of an ADA claim.'" *Johnson*, 2025 WL 1650394, at *9 (quoting *Bittle-Lindsey*, 2022 WL 1566770, at *1). The Court also cautioned Ms. Johnson that failure to include all the allegations against Pleasant Gardens and any documents integral to the Second Amended Complaint so that it may stand alone as the sole pleading could result in the dismissal of the case with prejudice. *Id.* at *10 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Because Ms. Johnson failed to include the required allegations to state a cognizable ADA claim, the Second Amended Complaint must be dismissed. *E.g.*, *White* v. *American Fed'n of State Cnty. & Gov't Emps. Union Loc. 2250*, Civil Action No. DKC 23-3161, 2024 WL 3161589, at *4 (D. Md. June 25, 2024) (dismissing Title VII claim because the plaintiff failed to allege that the defendant employer had more than 15 employees) (collecting cases).

In addition, Ms. Johnson has again failed to plausibly allege that at the time of her discharge she was performing her job at a level that met her employer's legitimate expectations. *Ennis*, 53 F.3d at 58 (requiring a claimant bringing a wrongful discharge claim under the ADA to plead and prove this along with three other factors). The allegations in the Second Amended Complaint once again include mixed allegations regarding Ms. Johnson's performance at the time of her discharge. For example, Ms. Johnson claimed that she reported to work and performed all required tasks, but she also stated that the house manager said she did not do any work. The Court previously identified this pleading deficiency, *Johnson*, 2025 WL 1650394, at *9, yet—like the 15-employee threshold requirement—the Second Amended Complaint fails to address it. On these grounds, too, the Second Amended Complaint must be dismissed for failure to state a claim.

## III. CONCLUSION

In light of the foregoing, it is hereby ORDERED that:

1. Defendant's motion to dismiss (ECF No. 67) is GRANTED;

2. The Second Amended Complaint (ECF No. 65) is DISMISSED WITH PREJUDICE;

3. Plaintiff's motion for leave to file a physical exhibit (ECF No. 66) is DENIED as moot; and

4. The Clerk of the Court is directed to CLOSE this case.

Date: September 2, 2025                         /s/
                                                Erin Aslan
                                                United States Magistrate Judge